Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
David F. Makkabi, Esquire #249825
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
F.040-1730
Attorneys for Secured Creditor U.S. Bank, N.A. its Successors and/or Assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 09-56573 |
| MILTON DO AKA TAM THAN H. DO, MILTON V. DO AND ANNIE NGUYEN AKA ANH NGUYET THI NGUYEN DBA MILTON GENERAL CONSTRUCTION CO., | CHAPTER 13 |
| | R.S. No. DRP – 800 |
| Debtors. | DECLARATION OF OLIVIA A. TODD IN SUPPORT OF MOTION FOR RELIEF FROM <u>AUTOMATIC STAY</u> |
| | Hearing-<br>Date :<br>Time :<br>Place : U.S. Bankruptcy Court<br>280 South First Street<br>San Jose, California<br>Courtroom 3099 |

I, Olivia A. Todd, declare and state:

1. As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in this action, I could and would testify competently to the following facts personally known to me to be true. I am employed as the President of National Default Servicing Corporation, authorized servicing agent for U.S. Bank, N.A. its Successors and/or Assigns, which is the moving party herein ("Lender"). I am familiar with

-1-

this case and the facts herein and am authorized to make these statements on behalf of Lender. I have reviewed the loan service records of U.S. Bank, N.A. its Successors and/or Assigns before making these statements. The loan service records are kept within the normal course of business by U.S. Bank, N.A. its Successors and/or Assigns, at or near the time of the event, which is noted or memorialized. As to any statements re: equity or lack of equity contained within this Declaration, which are made upon information and belief, these statements are made after examination of the loan file and after consideration of the following factors:

    1) The loan to value ratio; and

    2) Amount of arrearages

2. Milton Do and Annie Nguyen ("Debtors") are individuals and the Chapter 13 Debtors herein.

3. Devin Derham-Burk has been appointed as the Chapter 13 Trustee in the instant bankruptcy. By virtue of her position as Chapter 13 Trustee, Devin Derham-Burk may hold title to the subject property in that capacity. To the extent that relief sought herein is granted, Devin Derham-Burk should be bound by any such judgment.

4. On August 9, 2009, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code.

5. Lender is the current payee and a holder in due course, of a promissory note (which is a negotiable instrument) dated August 18, 2003 in the principal amount of $280,000.00 (the "Note") secured by a first deed of trust of same date, which bears interest as specified therein. The original Note is held by Lender and a copy is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

6. The indebtedness evidenced by the Note is secured by a Deed of Trust (the "Deed of Trust") executed and recorded in Santa Clara County and which encumbers the real property located at **2994 Alviena Drive, San Jose, California** (the "Property"). A copy of the Deed of Trust is attached hereto as **Exhibit "B"** and incorporated herein by reference.

7. Debtors defaulted on the Note and there is now due and owing to Lender:

| | |
|---|---:|
| Unpaid Principal Balance: | $259,694.99 |

Pre-Petition Arrearages:

| | |
|---|---:|
| Monthly Payments from December 1, 2008 through August 1, 2009 at $1,678.74 | $ 15,108.66 |
| Accrued Late Charges | $ 83.94 |
| Foreclosure Fees and Costs | $ 2,297.80 |
| Inspection Fees | $ 140.00 |
| Other Costs | $ 145.00 |
| Escrow Shortages | $ 14,022.57 |
| Subtotal Pre-Petition Delinquencies | $ 31,797.97 |

Post-Petition Arrearages:

| | |
|---|---:|
| Monthly Payments from September 1, 2009 through June 1, 2010 at $2,285.83 | $ 22,858.30 |
| Late Charges at $83.94 | $ 839.40 |
| Attorneys' Fees | $ 900.00 |
| Subtotal Post-Petition Delinquencies | $ 24,597.70 |
| Subtotal Pre-Petition and Post-Petition Delinquencies | $ 56,395.67 |
| GRAND TOTAL | $316,090.66 |

(Please note that an additional $2,285.83 becomes due and owing on the 1st day of each month, as well as an additional late charge 15 days thereafter.)

8. The total amount now owed to Lender on Loan No. XXXX1761 is $316,090.66 as of June 14, 2010.

9. Interest continues to accrue as set forth in the Note.

10. A post-petition payment history is attached hereto as **Exhibit "B"** and made a part hereof.

-3-
Case: 09-56573   Doc# 41-5   Filed: 06/29/10   Entered: 06/29/10 13:57:51   Page 3 of 4

11. Lender has performed each and every act required by the terms of the Deed of Trust.

12. Lender requests authority to complete foreclosure proceedings relative to the Property, but is prevented from doing so by the filing of Debtors' Petition which operates as an Automatic Stay, prohibiting Lender from taking any action or commencing any Court proceeding to enforce a lien upon the Debtors' real Property. Lender filed its Notice of Default on .

13. The commercially reasonable value of the Property is approximately $265,000.00, as evidenced by the Debtor's Schedules A and D, attached hereto as **Exhibit "C"** and made a part hereof.

14. The Note and Deed of Trust provide that Lender shall be entitled to recover from the Debtors and that the real Property shall secure the payment of all attorneys' fees and costs incurred by Lender to collect upon the real Property. The Lender may also be entitled to recover said fees and costs under 11 U.S.C. §506(b). By virtue of the Debtor's default, Lender has necessarily incurred such fees and costs and will continue to incur such fees and costs.

I declare under penalty of perjury under the laws of the United States of America the foregoing to be true and correct to the best of my knowledge, information and belief.

DATED: June 25th 2010

By _____
Olivia A. Todd
Loan # XXXX1761
F.040-1730